**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 01-10572
(Summary Calendar)

STEVAN MICHAEL WRIGHT,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Etc. ET AL.,

Defendants,

WAYNE SCOTT, Executive Director TDCJ; ADMINISTRATION,
John Middleton Unit; JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
NO FIRST NAME REED, Officer, Correctional Officer 3
Field Boss/High Rider at the John Middleton Unit;
NO FIRST NAME CARSON, Unit Safety Officer; NO FIRST
NAME SHAFFER, DR.; M.D. REVELLE; FNNK CURTI, DR.; NO FIRST
NAME FAGAN, DR.; NO FIRST NAME LAMBERT, Warden; NO FIRST
NAME RAINES, Assistant Warden; NO FIRST NAME LAST NAME
UNKNOWN, DR.; NO FIRST NAME WALKER, Captain; NO FIRST
NAME MCGRAVIES; NO FIRST NAME LEFEVRE; NO FIRST NAME BLACK;
NO FIRST NAME HARMON; UNIT SAFETY OFFICER,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-249

December 21, 2001
Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Stevan Michael Wright, Texas inmate # 631244, appeals the district court's dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) of his *pro se, in forma pauperis* ("IFP"), 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted. We AFFIRM, concluding that the district court correctly dismissed Wright's motion as frivolous. In addition, Wright's motion for an injunction is DENIED.

Wright contends that he was denied recommended medical treatment for a rat bite and for a left-ear condition. Wright also asserts that prison officials required him to sharpen tools without gloves, exposing him to the blood and body fluids of inmates who were infected with Hepatitis and other infectious diseases. In addition, Wright avers that he was housed in a dormitory with inmates who had infectious diseases, including Hepatitis B. Wright claims that he requested but was denied a vaccination against Hepatitis B. As a result, he contracted the disease. In addition to his other claims, Wright also asserts that Wayne Scott ("Scott") and Janie Cockrell ("Cockrell"), Texas Department of Criminal Justice directors, have been negligent in their failure to educate and protect inmates from the spread of Hepatitis and other infectious diseases in prison.

We conduct a *de novo* review of the dismissal under 28 U.S.C. § 1915A of a prisoner's 42 U.S.C. § 1983 claims that are frivolous or fail to state a claim. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999). We review the dismissal of claims as frivolous for an abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In order to state a valid § 1983 claim for relief for denial of adequate medical treatment, a prisoner must allege deliberate indifference to his serious medical needs. *Wilson v. Seitter*, 510 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference to medical needs requires more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving that risk, must deliberately fail to act. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, unsuccessful medical treatment, neglect or medical malpractice does not give rise to a § 1983 cause of action. *Varnado*, 920 F.2d at 321. In addition, an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997). Similarly, a claim that additional diagnostic techniques or forms of treatment should have been utilized is inadequate for purposes of a § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 107 (1979).

Wright has not established that the defendants acted with deliberate indifference to his medical needs based on the treatment that he received for his left ear condition and following the rat bite. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (disagreement with treatment received, unsuccessful medical treatment, and negligence or medical malpractice do not amount to deliberate indifference and do not give rise to a 42 U.S.C. § 1983 claim). Wright also has not demonstrated deliberate indifference in conjunction with his claims that the defendants refused to give him a Hepatitis B vaccination, did not educate him concerning the risks of exposure to infectious diseases, and did not prevent him from contracting Hepatitis B and Hepatitis C in prison.[2] *Farmer v. Brennan*,

---

[2] Wright also alleged in the district court that he did not received adequate medical treatment after he contracted Hepatitis C. Wright has not raised this argument on appeal and therefore it is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

511 U.S. 825, 847 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In addition, Wright has failed to establish that defendants Scott and Cockrell acted with deliberate indifference. *Farmer*, 511 U.S. at 847; *Wilson*, 501 U.S. at 297; *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (The failure of prison officials to follow established regulations does not give rise to a constitutional claim under 42 U.S.C. § 1983.).

Wright's appeal is without arguable merit and is DISMISSED as frivolous. *See* 5th Cir. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

The district court's dismissal of Wright's 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim and the dismissal of the instant appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-88 (5th Cir. 1996). Wright accumulated one previous strike in *Wright v. Dean*, No. 96-CV-725 (N.D. Tex. May 8, 1995). *See Adepegba*, 103 F.3d at 388 (dismissal as frivolous by district court counts as strike once prisoner has exhausted or waived his appeal). Accordingly, Wright has accumulated three strikes and is subject to the 28 U.S.C. § 1915(g) bar. Wright may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

For the foregoing reasons, Wright's appeal is DISMISSED. Wright's motion for an injunction is also DENIED. In addition, we impose sanctions pursuant to 28 U.S.C. § 1915(g).