IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20801
Conference Calendar
_____


FRANCISCO GONZALEZ; ET AL,

                                        Plaintiffs,

FRANCISCO GONZALEZ,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; JAMES R. ZELLOR; PHONE
OPERATORS/SECRETARIES; TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-715
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Francisco Gonzalez, Texas prisoner # 619811, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as

frivolous.  Gonzalez argues that the defendants violated his

constitutional rights when visitation periods with family members

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

were shortened and that inmates in administrative segregation received different visitation privileges than inmates in the prison's general population.

A district court may dismiss an in forma pauperis complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable basis either in law or in fact.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  Gonzalez' arguments that the defendants violated his due process and equal protection rights lacked an arguable basis in law.  Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (prisoners do not have a constitutional right to visitation privileges); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (inmates with different housing classifications are not similarly situated).  The district court's dismissal of Gonzalez' 42 U.S.C. § 1983 claims, as well as his state law claims which were based upon the same assertions, was not an abuse of discretion.

Gonzalez' appeal lacks arguable merit, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), and is therefore dismissed as frivolous.  See 5TH CIR. R. 42.2.  The district court's dismissal of his suit counts as a strike under the Prison Litigation Reform Act, as does this court's dismissal of this appeal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996); 28 U.S.C. § 1915(g).  Gonzalez is hereby warned that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed in forma pauperis in any civil action or

appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; SANCTION WARNING ISSUED.