United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11108
Summary Calendar

_____

RUSSELL DAVID ADAMS,

Plaintiff-Appellant,

versus

JAMES M. DUKE, Warden; BOB PREWITT;
STEPHEN PECK, Dr.; ADEL NAFRAWI, Dr.;
BOUNDS, Nurse; SOTO, Officer; BRUCE
DENTON, Officer; DAVID STEVENS,
Officer; JESUS ELIZONDO, Officer;
WILLIAM GONZALEZ, Dr.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-187

_____

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Russell David Adams appeals the magistrate judge's dismissal
of his complaint as frivolous. Adams asserted claims of deliberate
indifference to his serious medical needs against eleven
defendants. On appeal, however, Adams has adequately briefed

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments against only three of the original defendants: Nurse Bounds, Dr. Stephen Peck, and Dr. William Gonzalez. With respect to the dismissal of his claims against Officer Jesus Elizondo, Officer David Stevens Adams, and Warden James M. Duke, Adams has made one-sentence requests for relief that fail to identify any error in the magistrate judge's analysis. Such briefing is insufficient to entitle Adams to relief. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Adams has abandoned his claims against the five remaining defendants by failing to raise them in his brief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because Adams's claims against Nurse Bounds, Dr. Peck, and Dr. Gonzalez were dismissed as frivolous, this court's review is for abuse of discretion. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). "A complaint is frivolous if it lacks an arguable basis in law or fact . . . ." *Martin*, 156 F.3d at 580. Because Adams is proceeding *pro se* in this matter, we construe his pleadings liberally. *See Haines v. Kerner*, 92 S. Ct. 594, 595-96 (1972).

Adams alleged that Nurse Bounds disregarded a substantial risk to his health by failing to order medication that was prescribed for his edema, despite his repeated requests, resulting in a twenty-nine-day delay in his receipt of the medication. He also alleged that, in failing for so long to order the medication, Nurse

2

Bounds disregarded a substantial risk of danger which "she was knowledgeable of." Adams further alleged that, during the period of the delay, without evaluating his condition, Nurse Bounds refused his request to see a doctor and instead scheduled a future appointment to evaluate his progress under the medication that she had failed to order. Finally, he alleged that he contracted a bone infection due to the lack of timely testing and treatment.

Although it is evident that Adams has received considerable medical care, we cannot agree that his claims with respect to Nurse Bound's are facially frivolous. *See Murrell v. Bennett*, 615 F.2d 306, 310 n.4 (5th Cir. 1980) (concluding that an overall pattern of medical care reflecting general attentiveness does not "necessarily excuse one episode of gross misconduct."). Adams's claims against Nurse Bounds are not merely allegations of unsuccessful medical treatment, acts of negligence or medical malpractice, or disagreement with prison officials regarding medical treatment, claims that are insufficient to establish an unconstitutional denial of medical care. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, we VACATE the dismissal of Adams's claims against Nurse Bounds and REMAND these claims for further consideration.

We reach a different conclusion, however, with respect to Adams's claims against Dr. Peck. After a thorough examination of Adams's allegations regarding Dr. Peck's treatment, and the

arguments presented in Adams's appellate brief, we conclude that Adams's claims amount to nothing more than complaints regarding unsuccessful medical treatment and disagreements with the medical treatment provided by Dr. Peck. *See id*. Because Adams has not shown that the magistrate judge abused her discretion, we AFFIRM the dismissal of Adams's claims against Dr. Peck.

We likewise agree with the magistrate judge's conclusion that Adams's claims against Dr. Gonzalez are frivolous. Adams's allegation that Dr. Gonzalez, whom he identified as the "Medical Director for Texas Tech University Correctional Health Care Systems," was personally involved in or causally connected to the treatment he received are conclusory and thus insufficient. *See Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989). Moreover, to the extent that Adams contends that Dr. Gonzalez is liable in his capacity as Dr. Peck's supervisor, we agree with the magistrate judge that because Adams has not stated a nonfrivolous constitutional claim regarding Dr. Peck's treatment, he has no nonfrivolous constitutional claim against Dr. Gonzalez. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994) (en banc) (stating that supervisory liability attaches only where the plaintiff demonstrates deliberate indifference on the part of the supervisor).

Adams also argues that the magistrate judge erred in dismissing his complaint without conducting a hearing pursuant to

4

*Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). The "principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to bring into focus the factual and legal bases of prisoners' claims." *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (internal quotation and footnote omitted). In this matter, the magistrate judge utilized a questionnaire. Because Adams has not shown that the magistrate judge's use of a questionnaire, rather than a *Spears* hearing, compromised his ability to present the facts underlying his claims, he has failed to show error on the part of the magistrate judge.

We VACATE the dismissal of Adams's claims against Nurse Bounds, and REMAND those claims for further consideration. We AFFIRM the dismissal of all Adams's other claims.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.