United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――――――――

No. 03 - 10787
SUMMARY CALENDAR

―――――――――――――――

LORENZO JUAREZ,

Plaintiff - Appellant,

v.

LINDA A. SHORT, Mailroom Supervisor;
CANDID A. RAY, Mailroom Clerk 3;
JOE S. NUNN, Assistant Warden,

Defendants - Appellees.

―――――――――――――――――――――――――――――――――――――――――――――――

On Appeal from the United States District Court for the
Northern District of Texas
(2:03-CV-73)

―――――――――――――――――――――――――――――――――――――――――――――――

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review the district court's decision to dismiss Plaintiff - Appellant,

Lorenzo Juarez's (hereinafter, "Juarez"), 42 U.S.C. § 1983 civil rights complaint. For the

following reasons, we affirm the district court's decision.

―――――――――――――――――

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Juarez filed this suit in response to incidents regarding his prison mail that occurred while he was incarcerated. In June 2002, Juarez attempted to mail a letter to his sister, Guadalupe Alvarado (hereinafter, "Alvarado"), but the letter was intercepted by Defendant - Appellees (hereinafter, "Prison Officials") who determined Juarez was using a contraband envelope and refused to mail the letter. In accordance with prison procedure, Juarez voluntarily signed a correspondence/contraband denial form in which he acknowledged that his letter was not mailed because he was "trafficking and trading" in contraband.

Juarez was convicted of violating prison rules by trafficking and trading in contraband and received ten days' recreation restriction. Juarez did not appeal the conviction.

Juarez later received a Christmas card from Alvarado in which she told him that she had received a letter from prison officials informing her that she had "lost her right or privilege to write" to Juarez. Juarez then filed several request and grievance forms in an attempt to ascertain why his sister had been prevented from writing to him. Prison Officials admitted sending Alvarado a copy of the correspondence/contraband denial form signed by Juarez, but denied that Alvarado had been told that she could not write to Juarez, or that Alvarado had been placed on Juarez's negative mailing list.

Juarez was not satisfied with the explanation and filed this § 1983 suit seeking injunctive and pecuniary relief. Juarez moved the court for permission to proceed in forma pauperis, and he also moved for the appointment of counsel to assist him in his case. The district court dismissed

the suit sua sponte as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

The district court determined that the substance of Juarez's complaint was in regards to the process used to intercept the letter to his sister. The court noted that this issue had already been decided in Juarez's conviction for violating prison rules.

The district court interpreted Juarez's claims against the mailroom staff as an assertion that the correspondence/contraband denial form was constitutionally defective. The court found that Juarez had not shown such a defect and, in addition, that the mailroom staff had no part in drafting the form and had no duty to investigate Juarez's grievance. The court also noted that the correspondence/contraband denial form signed by Juarez contains a list of people who will receive copies of the form, and that the addressee is one of these people. Thus, Juarez should have known Alvarado would receive a copy of the form.

Finally, the district court found that Prison Officials had not interfered with Juarez's right to correspond with his sister, and that Alvarado had merely been confused by the form. Thus, the district court dismissed the suit as frivolous. Juarez timely appealed.

II.

DISMISSAL

Juarez argues that the district court was not authorized to dismiss his complaint because: (1) he was proceeding in forma pauperis and paid the filing fee; (2) Prison Officials violated his First Amendment rights by sending the correspondence/contraband denial form to his sister, leading her to believe that she could not write to him; and (3) the correspondence/contraband denial form inaccurately describes his letter as planning activities in violation of prison regulations.

We review the district court's decision to dismiss a complaint pursuant to § 1915A for an

-3-

abuse of discretion. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). The district court abuses its discretion when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1163 (5th Cir. 1994).

District courts are instructed to review prisoner complaints and to dismiss them if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist. *Martin*, 156 F.3d at 580.

Juarez has failed to show that the district court abused its discretion in dismissing his suit. Juarez argues that Prison Officials violated his rights by failing to mail his June 2002 letter, but he has already been convicted of possessing a contraband envelope, which was the reason his letter was not mailed. Juarez did not appeal this conviction, nor does he argue that it has been overturned. He cannot recover damages pursuant to § 1983 for an allegedly unconstitutional conviction or sentence unless he proves that the conviction has been reversed on appeal, expunged by executive order, declared invalid, or called into question by a federal court's ruling. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This includes disciplinary convictions. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Thus, the district court was correct in determining that this portion of Juarez's claim should be dismissed.

Juarez also argues that prison officials violated his First Amendment rights by prohibiting his sister from writing to him. While Juarez does have certain First Amendment rights in relation to his personal mail, the record does not reflect that Prison Officials interfered with Juarez's right to receive mail. Juarez admits that his sister was merely confused by the copy of the correspondence/contraband denial form she received. The form does not indicate in any way that

Alvarado is forbidden from writing Juarez. It merely indicates that a letter from Juarez to Alvarado will not be mailed. Juarez has failed to show that his First Amendment rights have been violated, and the district court correctly dismissed this claim.

Finally, Juarez argues that the correspondence/contraband denial form incorrectly indicates that he attempted to send a letter containing plans to violate prison rules. Though the form may be worded badly, it clearly indicates that Juarez's mail was intercepted because of trafficking and trading in contraband. Juarez's claims are without merit. The district court did not abuse its discretion in dismissing Juarez's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

III.

QUALIFIED IMMUNITY

Juarez argues that Prison Officials are not entitled to qualified immunity, and that because the district court dismissed his suit on these grounds, we should reverse the decision. Juarez is mistaken though, as the district court's dismissal of his complaint was based wholly on its determination that Juarez's claims are frivolous. Because the defense of qualified immunity had no bearing on the district court's decision, we decline to consider it here.

IV.

APPOINTMENT OF COUNSEL

Juarez further argues that the district court erred in denying his motion for appointment of counsel. We review the district court's decision for an abuse of discretion. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

In the absence of exceptional circumstances, the district court is not required to appoint counsel for an indigent plaintiff raising a § 1983 claim. *Ulmer v. Chancellor*, 691 F.2d 209, 212

(5th Cir. 1982). In determining whether there are exceptional circumstances meriting the appointment of counsel, the district court considers: (1) the type and complexity of the case; (2) the plaintiff's ability to present the case adequately; (3) the plaintiff's ability to investigate his case adequately; and (4) the type of evidence that will be presented by both parties. *Id.* at 213.

Juarez's only arguments for appointment of counsel are that he is indigent and ignorant of the law. He has not shown that this is a particularly complex case, and more importantly, Juarez's problem is not with the presentment of his case, but with the merits of the case itself. There is no evidence that the claims would not have been dismissed if they had been brought by an experienced attorney instead of Juarez. The district court did not abuse its discretion in denying Juarez's motion for appointment of counsel.

V.

DISMISSAL WITHOUT AMENDMENT OR HEARING

Finally, Juarez argues that the district court erred by dismissing his complaint without giving him an opportunity to file an amended complaint, and without holding a hearing. 28 U.S.C. § 1915A(b)(1) instructs the district court to review complaints, before docketing if feasible, and to dismiss them if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. There is no requirement that the district court allow the plaintiff to amend his complaint, or that the district court hold a hearing prior to dismissing a frivolous complaint. The district court did not abuse its discretion by dismissing Juarez's complaint.

VI.

CONCLUSION

For the foregoing reasons, we affirm the district court's decision.