UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

97-41242
_____


TIMOTHY P. MARTIN,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department
of Criminal Justice; TEXAS BOARD OF
CORRECTIONS; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
_____
September 23, 1998

Before JOLLY, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:

The plaintiff, Timothy P. Martin, is a Texas prisoner in administrative segregation. In his section 1983 suit against the Texas Department of Criminal Justice (TDCJ), the Texas Board of Corrections, and TDCJ Director Wayne Scott, Martin challenges the conditions of his administrative segregation on due process, equal protection, and Eighth Amendment grounds.[1] The magistrate

_____

[1] Specifically, Martin contends that his constitutional rights have been violated because the prison has limited his recreation and visitation time, restricted his ability to possess certain

reviewing Martin's complaint determined that it was frivolous and dismissed it pursuant to 28 U.S.C. § 1915A.

On appeal, Martin claims that section 1915A does not apply to prisoners who are not suing in forma pauperis (IFP). In addition, Martin asserts that his complaint is not frivolous and that the magistrate abused her discretion by denying his motion to amend his complaint. We affirm.

Martin first contends that section 1915A does not apply to prisoners who are not proceeding IFP. The plain language of this section, however, indicates that it applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP. In pertinent part, section 1915A provides:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

---

personal property, required him to wear a jumpsuit, denied him the right to buy certain commissary items, denied him dessert with his meals, required him to be handcuffed every time he left his cell, and fed him Vita-Pro.

28 U.S.C. § 1915A.[2]  Thus, as a suit by a prisoner against state agencies and officers, Martin's complaint is clearly within the ambit of section 1915A and we join the Sixth and Tenth Circuits in holding that this section applies even when a prisoner has paid the required filing fee.  *See, e.g.*, *Ricks v. Mackey*, No. 97-3181, 1998 WL 133828 (10th Cir. Mar. 25, 1998); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Accordingly, the magistrate did not err by reviewing Martin's complaint under section 1915A.

We now turn to the question of whether Martin's complaint was frivolous.  In his complaint, Martin contends that the additional restrictions imposed on those in administrative segregation violate his due process and equal protection rights and constitute cruel and unusual punishment.  We review the magistrate's determination that Martin's complaint is frivolous for an abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A

---

[2]  Martin also appears to argue that section 1915A unconstitutionally restricts his access to the federal courts.  A cursory review of this provision, however, reveals that it does not restrict a prisoner's access to the federal courts.  Instead, section 1915A merely institutes certain screening procedures once a complaint is received by a district court.  In this regard, section 1915A is analogous to the version of 28 U.S.C. § 1915(d) that was in effect before Congress enacted the Prison Litigation Reform Act of 1995.  In its prior form, section 1915(d) provided that in an IFP case, a court "may dismiss the case if . . . [the court is] satisfied that the action is frivolous or malicious." The function of section 1915A is also quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6).  Thus, because these related screening devices are, or were, of unquestionable constitutionality, Martin's contention that section 1915A is unconstitutional is without merit.

3

complaint is frivolous if it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist. *Id.*

Martin's due process claim is frivolous. In *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 1996), we held that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim" because it "simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Id.* at 612-13. Because Martin complains about conditions that are far from "extraordinary," he has not alleged the violation of an existing due process interest.

Martin's equal protection claim is also frivolous. Significantly, Martin is not claiming that he is treated differently than others in his level of administrative segregation. Rather, he claims that he is treated differently than inmates in other levels of administrative segregation. The comparison made by Martin dooms his equal protection claim at the outset, for he does not take the position, which would likely be frivolous, that prisoners in different levels of administrative segregation are similarly situated for the purposes of equal protection analysis. Consequently, his complaint fails to implicate the Equal Protection Clause.

Like the other allegations in his complaint, Martin's claim

that he was subjected to cruel and unusual punishment is frivolous. The conditions complained of by Martin, including his contention that he was subjected to cruel and unusual punishment when he became ill after being fed Vita-Pro—a soy-based meat substitute—simply do not rise to the level of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 36 (1993) (holding that the inmate must show that the risk of which he complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk").

Finally, Martin contends that the magistrate abused her discretion when denying his motion to amend his complaint. This motion, however, was filed after the magistrate had dismissed Martin's complaint and entered final judgment. Accordingly, the magistrate lacked the power to grant this request and Martin could only move for reconsideration of the judgment or appeal. *Whitaker v. City of Houston*, 963 F.2d 831, 834 (5th Cir. 1992).

For the foregoing reasons, we AFFIRM the dismissal of Martin's complaint as frivolous.