**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-10127**
**Summary Calendar**

_____

**BILLY RAY CINNAMON,**

**Plaintiff-Appellant,**

**versus**

**WAYNE SCOTT, Director,**
**Texas Department of Criminal Justice,**
**Institutional Division; CAROLE KEATON RYLANDER,**
**Comptroller of Public Accounts,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(5:99-CV-238-C)**

_____

July 24, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

The underlying 42 U.S.C. § 1983 action by Billy Ray Cinnamon (Texas prisoner #615926) claims a violation of the Takings Clause of the Fifth Amendment because he is *not* paid interest accruing on his inmate trust account. He appeals the dismissal of his action

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as frivolous.  We review for abuse of discretion.  *E.g., **Berry v. Brady***, 192 F.3d 504, 507 (5th Cir. 1999).

We find such an abuse, because the evidentiary bases for the district court's opinion—that the funds in Cinnamon's account do *not* generate interest and that his account is voluntary—do *not* support finding the suit frivolous.  The statement in the Texas Department of Criminal Justice Offender Orientation Handbook that the trust fund does *not* pay interest is beside the point, for it does *not* address whether such accounts *earn* interest.

Nor are we persuaded by the Texas Attorney General's Opinion, because it antedates the passage of a Texas statute requiring that the assets held in such inmate accounts be deposited either in the general revenue fund of the state treasury, in trust with the comptroller, or in a local bank account on approval by the comptroller.  *See* TEX. GOV'T CODE ANN. § 493.0082 (West 1998). Further discovery is necessary to ascertain whether the funds *earn* interest.

Finally, Cinnamon has presented a viable claim as to whether the option to use an outside account renders any loss of a property interest a voluntary one.  He claims he is *not* allowed to use funds in an outside account for any prison purpose.  Depending on the expected length of his incarceration and his ability to transfer funds from an outside account, opening such an account might *not* be a genuine alternative.

Because we conclude that the district court abused its discretion in dismissing the instant suit as factually groundless, it is *not* necessary to reach Cinnamon's contention that the screening provisions of 28 U.S.C. § 1915A unconstitutionally restrict his access to federal courts. In any event, it is meritless. *See **Martin v. Scott***, 156 F.3d 578, 580 n.2 (5th Cir. 1998), *cert. denied*, ___U.S.___, 119 S. Ct. 2405 (1999).

***VACATED AND REMANDED FOR FURTHER PROCEEDINGS***