IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30926
Summary Calendar

_____

GEORGE LABRY,

Plaintiff-Appellant,

versus

JOHN MAMOULIDES; PAUL CONNICK, JR.; KERNAN A. HAND; PHILIP
RAMONE; HARRY LEE; HARRY CONNICK, SR.; PEGGY MARTIN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3664-L
--------------------
February 1, 2001

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

George Labry, Louisiana inmate #78769, proceeding *pro se*, appeals the district court's dismissal of his claims brought pursuant to 42 U.S.C. § 1983. Labry contends that the defendants were not entitled to immunity.

Labry has abandoned any appeal of the district court's dismissal of his habeas claims for failure to exhaust and the dismissal of his claims pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), by failing to assert these issues in this court.

_____

[1] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

*See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (issues not asserted on appeal are abandoned).

We review the district court's dismissal of a prisoner's complaint as frivolous pursuant to 28 U.S.C. § 1915A for an abuse of discretion. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999). The district court concluded that Judge Hand was entitled to absolute immunity because the actions of which Labry complained were taken in Judge Hand's judicial capacity and were within his jurisdiction. Labry does not challenge this reasoning and any such challenge would be frivolous. *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996) (judges are absolutely immune from damages for acts performed in the exercise of judicial functions).

"Prosecutors enjoy absolute immunity for those activities `intimately associated with the judicial phase of the criminal process.'" *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that `was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the `clear absence of all jurisdiction.'" *Kerr*, 171 F.3d at 337 (citation omitted).

Labry's allegations against the district attorney defendants concerned Labry's indictment and prosecution on murder and aggravated rape charges. These actions involve the initiation and prosecution of criminal charges and are shielded by immunity. *See*

2

*id.* Further, Labry's claims against the Orleans Parish District Attorney concerned his convictions for aggravated rape. Labry has not shown that his conviction has been reversed or that the judgment has been called into question. His claims are thus barred under *Heck*, 512 U.S. 477, 486-87. The judgment of the district court is AFFIRMED. *See Bickford v. Int'l Speedway*, 654 F.2d 1028, 10131 (5th Cir. 1981) (dismissal may be affirmed on alternative grounds).

AFFIRMED.