IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50720
Conference Calendar
_____

JESSE ROLAND FLORES,

                                        Plaintiff-Appellant,

versus

FIRST NAME UNKNOWN POWELL; FIRST NAME UNKNOWN SOLIS,
FIRST NAME UNKNOWN MOLINA; BRYAN CROUCH; TOMMY
WILLIAMS; ATASCOSA COUNTY, TEXAS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-6
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

      Jesse Flores, Texas prisoner # 749949, seeks leave to

proceed in forma pauperis (IFP) following the dismissal of his

prisoner civil rights action, based alternatively on the

doctrines of res judicata and collateral estoppel.

      In a previous civil rights case, a final judgment was

rendered finding that on the dates relevant to the instant suit,

Flores was a convicted prisoner and not a pretrial detainee.

"According to the doctrine of collateral estoppel, or issue

_____

      * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

preclusion, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." RecoverEdge L.P., v. Pentecost, 44 F.3d 1284, 1290 (5th Cir. 1995)(internal quotation and citation omitted).  Collateral estoppel encompasses three elements: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action. Id.

The issue whether Flores was a convicted prisoner during December 1997 through January 1998 was litigated in the prior action, and its determination was a necessary part of the judgment dismissing that civil rights suit.  The issue therefore cannot be relitigated in this suit, and the magistrate judge was correct in holding based on Flores's convicted prisoner status that he had not raised a constitutional claim cognizable in a 42 U.S.C. § 1983 action.  See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) ("[A]bsent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a [due process] claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.") (internal quotations and citation omitted).

Flores's appeal would therefore present no nonfrivolous issues, and his request to proceed IFP is thus DENIED.  See

<u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983) (the inquiry into an appellant's good faith "is limited to whether the appeal involves `legal points arguable on their merits (and therefore not frivolous).'" (citation omitted).

If the merits of the appeal are "inextricably intertwined" with the decision certifying that the appeal would not be taken in good faith, we may determine both issues.  <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).  Flores's claims are "inextricably intertwined" with the magistrate judge's certification decision, and, therefore, we dismiss the appeal as frivolous in the interest of judicial economy.  <u>See id.</u>; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.