IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20909
Summary Calendar
_____

THEOTIS LEE HODGE,

                                        Plaintiff-Appellant,

versus

COREY S. STEPLES; THOMAS MERCHANT;
MICHAEL MURRAY; PHONZO RAYFORD; W. SWINBURN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2418
--------------------
February 18, 2003

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Theotis Lee Hodge, Texas state prisoner # 504582, appeals the district court's dismissal of his pro se, in forma pauperis 42 U.S.C. § 1983 civil rights lawsuit for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The district court is required to dismiss a prisoner's in forma pauperis civil rights suit if it determines that the

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prisoner's complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Hodge's arguments that the district court erred focus on procedures employed in his disciplinary proceedings, the evidentiary record, and the punishment resulting from the finding that he was guilty of extortion. These arguments imply that his disciplinary conviction is invalid and are not cognizable in a 42 U.S.C. § 1983 action until the disciplinary conviction has been reversed, expunged, or otherwise declared invalid. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).

Hodge also seeks equitable relief in the form of a declaratory judgment that the extortion regulation upon which is conviction was based is unconstitutional, and he seeks an injunction prohibiting the defendants from enforcing the extortion regulation. This argument also is not cognizable in a 42 U.S.C. § 1983 action until the disciplinary conviction has been reversed, expunged, or otherwise declared invalid. See Martinez v. Texas Ct. of Crim. Appeals, 292 F.3d 417, 420 (2002) (state prisoners may not obtain equitable relief under § 1983 when the federal habeas corpus statute is the exclusive remedial mechanism for obtaining the requested relief). Additionally, Hodge's conclusional allegations of future retaliation do not set forth a claim for relief pursuant to 42 U.S.C. § 1983. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). Finally, Hodge does not argue that his confinement in administrative segregation presents extraordinary circumstances. Thus, Hodge has failed to set forth a claim for deprivation of a

constitutionally cognizable liberty interest.  See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Hodge also argues that the district court erred when it did not convert his complaint to a habeas complaint.  The district court declined to redesignate or convert the case to a federal habeas corpus application because the record did not indicate whether Hodge was eligible for mandatory supervision and thus the record did not indicate whether Hodge's claims directly concerned the duration of his confinement, as opposed to the conditions of his confinement.  Hodge now argues that he was eligible for mandatory supervision.  However, because Hodge failed to present this argument to the district court it will not be considered by this court.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Based on the foregoing, the judgment of the district court is AFFIRMED.