**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 14, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60240
Summary Calendar
_____


BRIAN F HOGAN

Plaintiff - Appellant

v.

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI
DEPARTMENT OF CORRECTIONS; EMMITT L SPARKMAN,
Superintendent; GLEN ADAMS, Classification
Officer; LATITIA ROACH, Classification Director;
RICKY SCOTT, STG Coordinator; RONALD ROBINSON,
STG Coordinator

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-253-DA
--------------------

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Brian Hogan, Mississippi prisoner # 67383, challenges the

district court's dismissal of his 42 U.S.C. § 1983 action for

failure to state a claim upon which relief can be granted.  He

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

has moved for initial hearing en banc. See FED. R. APP. P. 35(b).
This motion is DENIED.

Hogan contends that he was denied due process at a prison classification hearing, at which he was determined to be a gang member and was lowered in custody status. He also asserts that his lengthy placement in administrative segregation denies due process. He has not established that he has a liberty interest in his classification or custodial status. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). Hogan has not shown that the district court erred in dismissing his civil rights complaint. See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Consequently, the judgment of the district court is AFFIRMED.

After Hogan filed the instant appeal *in forma pauperis* (IFP), this court imposed the three-strikes bar against him. See Hogan v. Johnson, No. 02-60631 (5th Cir. Apr. 29, 2003) (unpublished). Hogan is admonished that, in the future, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious bodily injury. See 28 U.S.C. § 1915(g).

AFFIRMED; MOTION DENIED; WARNING ISSUED.