United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41389
Conference Calendar

_____

THEODORE FLANAGAN,

Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-172
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Theodore Flanagan, Texas inmate #734335, appeals the district court's dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b) of his pro se and in forma pauperis ("IFP") civil rights complaint. Flanagan asserts that the district court abused its discretion by dismissing his complaint without allowing him to conduct discovery. Flanagan reiterates his contention that Assistant Attorneys General Jeremy T. Hackman and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S. Michael Bozarth perpetrated a fraud against the district court and this court by filing responses in the proceedings conducted on Flanagan's federal habeas petition although they had not taken and filed anti-bribery statements and oaths of office as required by the Texas Constitution.

We review for an abuse of discretion the district court's dismissal as frivolous under 28 U.S.C. § 1915A of Flanagan's 42 U.S.C. § 1983 complaint. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Flanagan has not established that Hackman and Bozarth were required to take and file the oaths at issue. Flanagan has not challenged the district court's conclusion that the lack of proof of the filing of the oaths at issue falls short of establishing that Hackman and Bozarth did not take the required oaths. Flanagan's failure to identify error in the district court's analysis is the same as if he had not appealed the judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Furthermore, a violation of state law, standing alone, does not establish a violation of federal constitutional law. Giovanni v. Lynn, 48 F.3d 908, 912-13 (5th Cir. 1995). Flanagan has not explained how the conduct of which he complains entitled him to relief under 42 U.S.C. § 1983.

Flanagan's appeal is without arguable merit and is DISMISSED as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215,

219-20 (5th Cir. 1983). The district court's dismissal of Flanagan's 42 U.S.C. § 1983 complaint as frivolous and the dismissal of the instant appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-88 (5th Cir. 1996). Previously, Flanagan accumulated a strike in Flanagan v. Nacogdoches County Jail, No. 97-41082 (5th Cir. Jul. 29, 1998). See Adepegba, 103 F.3d at 387. Flanagan thus has accumulated at least three strikes and is subject to the 28 U.S.C. § 1915(g) bar.

Accordingly, Flanagan may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.