United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40792
Summary Calendar
_____

SHOZDIJIJI SHISINDAY,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - AGENCY; TARA BURMAN; A. M.
STRINGFELLER; ALFRED C. MORAN; DON B. JONES; ET AL.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(9:03-CV-218)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant ShozDijiji ShisInday, Texas prisoner #
000710, appeals from the dismissal with prejudice as frivolous of
his civil rights complaint, filed pursuant to 42 U.S.C. § 1983. We
review such a dismissal for abuse of discretion. Martin v. Scott,
156 F.3d 578, 580 (5th Cir. 1998).

ShisInday contends that the district court abused its
discretion by transferring his case sua sponte from the Southern
District of Texas to the Eastern District of Texas.  As the alleged

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations occurred in the Eastern District of Texas, where ShisInday was incarcerated, the district court did not abuse its discretion by ordering that transfer. See Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989).

ShisInday also contends that the district court erred by denying his multiple motions seeking leave to proceed in forma pauperis ("IFP"). As ShisInday had already paid the filing fee, the denial of his IFP motions was not erroneous. Moreover, despite ShisInday's argument to the contrary, the denial of those IFP motions did not deprive him of the opportunity to conduct discovery and to have process served on the defendants.

ShisInday further contends that the district court erred by failing to consider or address his objections to the magistrate judge's report and recommendation. Examination of the record shows that the district court's de novo review of ShisInday's objections complied with FED. R. CIV. P. 72(b).

ShisInday asserts that the district court judge was biased against him. His claim fails because it is contradicted by the record and relies solely on the substance of judicial rulings against him. See Liteky v. United States, 510 U.S. 540, 555 (1994). ShisInday also asserts that his rights to due process and to have meaningful access to the courts were denied by: (1) the improper transfer of his case; (2) the inappropriate denial of his IFP motions; (3) judicial bias; (4) the dismissal of his complaint as frivolous without a full and fair consideration of his claims;

2

and (5) the requirement that he pay an appellate filing fee despite the grant of IFP status for appeal.  As each of those bases lack merit, ShisInday has failed to show that his rights to due process and to have meaningful access to the courts were infringed.  Finally, ShisInday has waived all of his underlying civil rights claims by failing to raise them in his appellate brief.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court's judgment is, in all respects, AFFIRMED.