United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41300
Conference Calendar

_____

ROBERT S. DAIL,

                              Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; F. E. BOATING; SERGEANT
KUFEJI; MS. HARDY; ASSISTANT WARDEN LUMPKIN; V. KATRAGADDA,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-504
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Robert S. Dail, Texas prisoner # 750883, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous.  Dail asserts that the district court abused its

discretion when it failed to consider additional material that he

introduced in his objections to the magistrate judge's second

report and recommendation.  Arguably, the district court could

have construed Dail's objections as a constructive motion for

leave to supplement his § 1983 action.  See FED. R. CIV. P. 15(d).

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, because Dail, a Texas prisoner, had "no constitutional expectancy of parole," Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) (internal quotation marks and citation omitted), the district court did not abuse its discretion when it did not allow Dail to supplement his § 1983 action to assert that his disciplinary conviction affected his parole.  See Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998); Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995).

Dail also argues that the district court abused its discretion when it determined that he could not recover nominal damages.  Because Dail failed to establish that his constitutional rights had been violated, the district court did not abuse its discretion when it dismissed Dail's claims that sought nominal damages.  See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); Doe, 66 F.3d at 1406.

Dail further argues that the district court abused its discretion when it dismissed his § 1983 claims as frivolous.  Because Dail's allegations that the defendants violated his constitutional rights in relation to his disciplinary conviction lacked an arguable basis in law, the district court did not abuse its discretion when it dismissed Dail's complaint as frivolous.  See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998); Martin, 156 F.3d at 579-80.

For the reasons set forth above, Dail's appeal lacks an arguable basis in law, is without arguable merit, and is

frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  See 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of Dail's complaint.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

Dail had two prior strikes.  Dail v. Cook, No. 3:02-CV-654 (S.D. Tex. Apr. 30, 2004); Dail v. United States, No. 3:00-CV-2354 (N.D. Tex. May 22, 2001).  Because Dail has accumulated at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

Dail's motion to preserve evidence is denied.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; MOTION DENIED.