United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20294
Summary Calendar

IBRAHIM SABAH,

Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3415
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ibrahim Sabah, Texas prisoner # 792971, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against the University of Texas Medical Branch (UTMB). Sabah contends that the district court erred when it dismissed his complaint as frivolous because he has a colorable Eighth Amendment claim. This court reviews a dismissal as frivolous for an abuse of discretion. Martin v. Scott, 156 F.3d 578, 580 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1998).

Sabah contends that he suffered from a serious medical condition, that the prescribed medical care was delayed, and that the delay resulted in substantial harm to his eye. However, aside from conclusional allegations, he does not contend that prison officials were deliberately indifferent to his serious medical needs. Specifically, Sabah does not allege that anyone at the Estelle Unit pharmacy deliberately withheld the prescribed eye drops. Further, he does not allege that anyone at the pharmacy was aware of and consciously disregarded the substantial risk of serious harm to his eye by failing to provide the eye drops in a timely manner. Sabah's allegations amount at most to negligence. Therefore, Sabah has not shown that the district court abused its discretion when it dismissed his complaint as frivolous. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Sabah's appeal lacks arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2. The district court's dismissal of Sabah's complaint and this court's dismissal of the instant appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Sabah is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.