TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00709-CV






David Mendez, Appellant


v.


David Balagia and T. Riley, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. GN500810, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 David Mendez appeals from the district court's grant of summary judgment in favor
of David Balagia and T. Riley. We affirm the judgment. 


BACKGROUND

 Mendez is an inmate serving a life sentence in the Institutional Division of the Texas
Department of Criminal Justice (TDCJ) on a capital murder conviction. He was initially booked into
the Travis County Jail in 1997 on capital murder charges and was tried, convicted of capital murder,
and sentenced to confinement for life in TDCJ, as the State did not seek the death penalty. In March
2000, after sentencing but before transfer to TDCJ, corrections officers classified Mendez as a "high-security risk inmate" based on information that he and another inmate were planning to take a female
hostage and attempt to escape. This Court later reversed Mendez's conviction and
remanded for a new trial. (1) 

 Mendez was bench-warranted from TDCJ back to Travis County on July 3, 2002, and
was again held in the Travis County Jail pending retrial. Upon his return to the county jail, Mendez
was again classified as a high-risk prisoner and was placed in administrative segregation, where he
remained for the fifteen months he continued to be held there. Mendez was again convicted of
capital murder, received a life sentence, and was transferred to TDCJ. His second conviction was
affirmed by this Court. (2)

 Mendez, acting pro se, later filed suit against Balagia and Riley, two corrections
officers with the Travis County Sheriff's Office. Mendez alleged that Balagia ordered him into
administrative segregation in July 2002 "knowing that the escape allegation was false," and
complained that Balagia's conduct constituted intentional infliction of emotional distress. Mendez
further pleaded that Riley, "a recreation officer," forced him to wear leg irons during his recreation
periods that "would wear away plaintiff's flesh on his ankles" and that such conduct constituted
intentional infliction of emotional distress. Liberally construing his pleadings, Mendez also alleges
that Riley intentionally inflicted emotional distress on him by failing to provide him a "due process
hearing" when placing him in administrative segregation and that Balagia is vicariously liable for
such conduct.

 Balagia and Riley filed a "no evidence" motion for summary judgment asserting,
among other grounds, (1) sovereign immunity and absence of a waiver under the tort claims act, see
Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2005); (2) Mendez "failed to state a
constitutionally cognizable liberty interest"; (3) no evidence of "extreme and outrageous" conduct;
and (4) no evidence of damages. In response, Mendez filed an amended petition abandoning any
claims against the two corrections officers in their official capacities and purporting to proceed
against them exclusively in their individual capacities. The district court granted their motion
without stating the grounds. This appeal followed. 


DISCUSSION

 In six issues on appeal, Mendez challenges the district court's summary judgment in
favor of Balagia and Riley, attacking each of the grounds raised in their motion. Mendez also argues
that the district court erred in granting summary judgment on his allegation that Balagia is
vicariously liable for Riley's conduct because that ground was never explicitly raised in the
summary-judgment motion. 


Standard of review

 We review the district court's summary judgment de novo. Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). Because the district court's order does not specify the
grounds for its summary judgment, we must affirm the order if any of the grounds presented to the
district court are meritorious. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216
(Tex. 2003); Sheshunoff v. Sheshunoff, 172 S.W.3d 686, 692 (Tex. App.--Austin 2005, pet. denied). 
We conclude that the motion for summary judgment must be affirmed on no-evidence grounds. 
 A no-evidence motion for summary judgment must be granted if, after an adequate
time for discovery, (1) the moving party asserts that there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden of proof at trial,
and (2) the nonmovant fails to produce more than a scintilla of summary judgment evidence raising
a genuine issue of material fact on those elements. Tex. R. Civ. P. 166a(i). A no-evidence summary
judgment is essentially a directed verdict granted before trial, to which we apply a legal-sufficiency
standard of review. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003);
Perdue v. Patten Corp., 142 S.W.3d 596, 603 (Tex. App.--Austin 2004, no pet.). A no-evidence
summary judgment will be sustained when (1) there is a complete absence of evidence of a vital fact,
(2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered
to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or
(4) the evidence conclusively establishes the opposite of a vital fact. King Ranch, 118 S.W.3d at
751. We view the evidence in the light most favorable to the non-movant, disregarding all contrary
evidence and inferences. Id. (citing Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997)). More than a scintilla of supporting evidence exists if the evidence would allow
reasonable and fair-minded people to differ in their conclusions. Id. "Less than a scintilla of
evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or
suspicion' of a fact." Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). 




Summary-judgment grounds

 To recover damages for intentional infliction of emotional distress, a plaintiff must
establish that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was
extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and
(4) the emotional distress suffered by the plaintiff was severe. Hoffmann-La Roche,
Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004). A defendant's conduct satisfies the second
element only if it is "'so outrageous in character, and so extreme in degree, as to go beyond all
possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized
community.'" Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 796 (Tex. 2006)
(quoting Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993)). "Meritorious claims for
intentional infliction of emotional distress are relatively rare precisely because most human conduct,
even that which causes injury to others, cannot be fairly characterized as extreme and
outrageous."  Id.

 In his response to the motion for summary judgment, Mendez attached a letter from
Balagia and a document entitled "Unsworn Declaration of David Mendez." Neither item provides
more than a scintilla of evidence that Balagia's and Riley's conduct was "extreme and outrageous." 

 In the letter, dated April 2001, Balagia wrote Mendez the following:


In regards to the incident you were involved in while incarcerated in the Travis
County jail in March of 2000, the investigation could not produce any evidence or
facts to support the allegation of an attempt to escape on your part. The investigation
also revealed you to be a security risk.


 Mendez claims that this letter is evidence that he should not have been placed in
administrative segregation. We note that, on its face, the letter reflects determinations that while
Mendez had not actually attempted to escape, he was nonetheless a security risk. This letter does
not raise a fact issue as to whether placing Mendez in administrative segregation was "extreme and
outrageous" conduct. Similarly, Mendez's "Unsworn Declaration" provides no more than a scintilla
of evidence of "extreme and outrageous conduct." In the declaration, Mendez makes various
allegations, including that his leg cuffs hurt his ankles, that he had difficulty sleeping while in
administrative segregation, and that his many complaints and grievances about being placed in
administrative segregation and leg cuffs were ignored by prison officials. Even accepting all of these
allegations as true, we hold that they do not rise to the level of conduct that is "so outrageous in
character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be
regarded as atrocious, and utterly intolerable in a civilized community." See Suberu, 216 S.W.3d
at 796. We can find no authority holding that placing an inmate who has been determined to be a
security risk in administrative segregation or leg cuffs is "extreme and outrageous conduct," nor does
Mendez cite any such authority. 

 We similarly reject Mendez's claims that are predicated on a perceived right to a "due
process hearing" regarding his placement in administrative segregation. "[A]bsent extraordinary
circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner,
will never be a ground for a constitutional claim." Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998)
(labeling such a claim "frivolous"). 

 Further, Mendez adduced no evidence of damages under his intentional-infliction
claim. See Hoffmann-La Roche, 144 S.W.3d at 438, 445. Finally, because the foregoing grounds
are dispositive of Mendez's claims against Riley, they likewise negate any claim that Balagia is
vicarious liable for Riley's conduct.

 These grounds are sufficient to support summary judgment in favor of Balagia and
Riley. (3) We accordingly overrule Mendez's issues and affirm the district court's summary judgment. 
 

 

 ____________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: July 26, 2007


1. Mendez v. State, 56 S.W.3d 880 (Tex. App.--Austin 2001, pet. ref'd). 
2. Mendez v. State, No. 03-03-00571-CR, 2004 Tex. App. LEXIS 11216, at
*1 (Tex. App.--Austin Dec. 16, 2004, pet. ref'd) (mem. op., not designated for publication). 
3. Mendez also asserts that the district court erred in granting summary judgment based on
sovereign immunity because he non-suited his official-capacity claims. Because the other summary
judgment grounds are sufficient to support the district court's judgment, we need not reach this
argument.