IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2008

Charles R. Fulbruge III
Clerk

No. 06-30888
Summary Calendar

EDWARD B. WHITE,

Plaintiff-Appellant,

v.

BARON KAYLO; RICHARD L. STALDER,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-389

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edward B. White, Louisiana state prisoner # 130194, appeals following an adverse jury verdict on his claim that his lack of opportunity for exercise while he was confined to the administrative segregation unit of the Avoyelles Correctional Center violated the Eighth Amendment's prohibition against cruel and unusual punishment. Finding no reversible error, we affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Liberally construed, White's brief raises three issues for our review. White first contends that the district court erred by granting judgment as a matter of law on his claim that his lack of opportunity for exercise violated the Fourteenth Amendment. Because the record reflects no insufficiency in the process afforded White, we affirm the district court's judgment as a matter of law on his procedural due process claim. To the extent White's evidence at trial raised substantive due process concerns, the district court properly treated it as supporting a claim under only the Eighth Amendment. See Austin v. Johnson, 328 F.3d 204, 210 n.10 (5th Cir. 2003) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)) ("Because the Eighth Amendment, as 'an explicit textual source of constitutional protection,' defines the limits of government action, it controls over 'the more generalized notion of substantive due process.'"). And because the record contains no evidence that White was treated differently than similarly-situated prisoners in administrative segregation, his equal protection claim must fail. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

White also argues that the jury's verdict on his Eighth Amendment claim was against the weight of the evidence. His failure to move for a new trial or for judgment as a matter of law after the jury returned its verdict, however, precludes appellate review of the sufficiency of the evidence. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 400-02 (2006). We therefore need not, and cannot, consider whether the evidence supported the jury's finding that the conditions of White's confinement did not constitute cruel and unusual punishment.

Finally, White asserts that the district court erred in refusing to admit into evidence a report prepared for an unrelated case concerning the Avoyelles Correctional Center. We review the district court's evidentiary ruling for abuse of discretion. See Smith v. Isuzu Motors Ltd., 137 F.3d 859, 861 (5th Cir. 1998).

We cannot say, based on the record before us, that the district court abused its discretion in excluding the report as irrelevant.

II.

For the foregoing reasons, the district court's judgment is AFFIRMED.