# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2010

Lyle W. Cayce
Clerk

No. 10-20047
Summary Calendar

WOODROW MILLER,

Plaintiff-Appellant

v.

HARRIS COUNTY, TEXAS, c/o County Judge Ed Emmett; HONORABLE BELINDA J. HILL, Individually and as District Judge; THERESA CHANG, Individually and as former Harris County District Clerk; CHARLES ROSENTHAL, Individually and as former Harris County District Attorney; EXECUTIVE DIRECTOR TEXAS DEPARTMENT OF PUBLIC SAFETY; M.D. KAREN GOLLAHER, Individually and as Agent-Employee of GHBI,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3515

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Woodrow Miller, now Texas prisoner # 1535217, filed a civil rights complaint in the district court seeking an award of damages and declaratory and injunctive relief. Miller contended that the defendants violated his right to due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process by acting adversely against him in reliance on a March 2, 2006, order imposing conditions of community supervision in cause number 876,249. The 2006 order related to a 2002 order of deferred adjudication. Miller's guilt was adjudicated in 2008. *See Miller v. Quarterman*, 2009 WL 2163125 (S.D. Tex. July 16, 2009) (unpublished).

The district court determined that Miller's complaint was barred under the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). It dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915A. Miller gave timely notice of his appeal. We review such dismissals for an abuse of discretion. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

The claims asserted against defendants Belinda Hill and Charles Rosenthal relate to acts performed in their judicial and prosecutorial capacities. Because Hill and Rosenthal are absolutely immune from suit, the dismissal with prejudice of Miller's claims against them is AFFIRMED. *See Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

Miller contends that the district court erred in dismissing his complaint without giving him an opportunity to show that the *Heck* bar does not apply. Miller has not shown in his brief that he could have made such a showing, and he did not make such a showing in his motion for a new trial. *See also Martin*, 156 F.3d at 580 (recognizing that there is no requirement that a plaintiff be given notice prior to dismissal of his complaint as frivolous pursuant to § 1915A).

Because the March 2, 2006, order imposing conditions of community supervision was rendered in Miller's criminal case, and because a decision in his favor against the remaining defendants would necessarily imply the invalidity of the deferred adjudication order and the judgment adjudicating his guilt, the district court properly dismissed Miller's claims against the remaining defendants for damages as premature. *See Heck*, 512 U.S. at 486-87; *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) (holding that a deferred

adjudication order is a conviction for the purposes of *Heck*'s favorable termination rule). Miller also sought declaratory and injunctive relief. Because the claims for declaratory and injunctive relief call into question the validity of the deferred adjudication order and order adjudicating his guilt, they were dismissed properly under the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc). Because the preferred practice is to dismiss *Heck*-barred claims with prejudice to their being asserted again until the *Heck* conditions are met, *see DeLeon*, 488 F.3d at 657, the judgment is modified accordingly.

The district court's implicit refusal to take supplemental jurisdiction over Miller's request for an accounting of payments made against a fine and court costs imposed in connection with the judgment adjudicating his guilt is construed as a dismissal of that claim without prejudice. *See Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008).

Miller's contention that the Prison Litigation Reform Act is unconstitutional is foreclosed. *See Norton v. Dimazana*, 122 F.3d 286, 290-91 (5th Cir. 1997).

AFFIRMED AS MODIFIED.