# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20549
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2018

CALVIN LEWIS,

Lyle W. Cayce
Clerk

Plaintiff - Appellant

v.

CHARLES LANDIS, Assistant Warden; KEVIN B. SMITH, Captain;
CARLISIETTA R. WERNER, Sergeant; TIMOTHY PREISHEL,

Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-640

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, Calvin Lewis, Texas prisoner # 1185552, appeals the district court's granting defendants' motions under Federal Rule of Civil Procedure 12(b)(6) and (c), dismissing his 42 U.S.C. § 1983 complaint.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-20549

In district court, Lewis claimed defendants violated his due-process rights by punishing him for conduct he did not know was prohibited: possessing materials related to the Uniform Commercial Code (UCC).  In that regard, he alleges defendants confiscated materials related to the UCC during a November 2016 shakedown of his cell, including two composition notebooks containing text of the UCC copied from a business-law textbook in the prison law library, which he was using to create his "business plan" for the end of his prison term.

Lewis received as punishment 45 days of cell, commissary, and recreation restrictions, as well as a change in line classification.  He also was removed from the trustee camp and reassigned to the field squad.

The district court determined that, even if Lewis did not have notice possessing UCC materials was prohibited, he was not deprived of a protected liberty or property interest as a result of the disciplinary action.

A district court's grant of a motion for failure to state a claim under Rule 12(b)(6) and of a motion for judgment on the pleadings under Rule 12(c) is reviewed *de novo*.  *Whitaker v. Collier*, 862 F.3d 490, 497 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1172 (2018); *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 687 (2018).  To state a claim under § 1983, plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law".  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks and citation omitted).

Lewis again claims his due-process rights were violated.  He also raises, however, several additional claims for the first time on appeal:  defendants violated his rights under the First and Sixth Amendments; violated his right to equal protection and access to the courts; violated various Texas Department

No. 17-20549

of Criminal Justice rules and policies; and are liable under the Texas Tort Claims Act.  Needless to say, these newly raised claims are not considered.  *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered").

As for the due-process claim, although due process requires a prisoner have notice of prohibited behavior "so that he may act accordingly", *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972), to establish a due-process violation, an inmate must first show he was deprived of a protected liberty or property interest, *see Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010).  As the district court concluded, the punishments imposed in this case do not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" and, therefore, do not implicate due-process concerns.  *Sandin v. Conner*, 515 U.S. 472, 485–86 (1995); *see Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000); *Martin v. Scott*, 156 F.3d 578, 579–80 & n.1 (5th Cir. 1998).

AFFIRMED.