United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-40580
Summary Calendar

———————————

LONNIE GUNN, JR.,

Plaintiff-Appellant,

versus

TOM MANNESS, Prosecuting Attorney; RUTH BOLES, S.O.
Registration Clerk; AMY WOODS, Parole Officer;
DR. UNKNOWN PARTY, District Attorney; LEONARD GIBLIN, Judge;
PAT KNAUTH; BRYAN LAINE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-215
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Lonnie Gunn, Jr., Texas prisoner # 644474, filed a 42 U.S.C.
§ 1983 complaint against several defendants whom he alleged
participated in his wrongful conviction for failure to register
as a sex offender. That conviction was overturned in a judgment
dated February 7, 2002. Gunn v. State, No. 13-01-242-CR, 2002 WL
189067, at *1 (Tex. App. Feb. 7, 2002). The defendants argued,
and the district court agreed, that Gunn's complaint, filed in

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

April 2004, was untimely because his cause of action accrued on the date his conviction was overturned. Gunn appeals the dismissal of his complaint, and he moves for the appointment of counsel and the entry of a money judgment in his favor.

Gunn argues that the two-year limitation period should have been tolled from February 7, 2002, until June 10, 2002, when he received a letter from appointed counsel informing him that his conviction had been overturned. We will not consider this argument, which is raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Gunn has not shown that the district court erred in dismissing his complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e). The appointment of counsel in this civil case is not warranted. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Gunn's motions for the appointment of counsel and his motion for the entry of a money judgment in his favor are denied.

The judgment of the district court is affirmed. The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Gunn is cautioned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless

he is under imminent danger of serious physical injury.  See 1915(g).

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED; SANCTION WARNING ISSUED.