# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-20985
Summary Calendar

LONNIE GUNN, JR.,

                                        Plaintiff-Appellant,

v.

S.N.C, Parole Representative; G. LLOYD, Parole Representative;
DANA WILSON, S.O. Registration; LEE WILSON, Parole Officer;
ROBERT HUESKE, Unit Supervisor;
BARRY COOK, Division Supervisor at Warrant Section;
BRENDOLYN ROGERS-JOHNSON, Board Member at Warrant Section;
KASIE ELLIS, Hearing Officer; ALINE GUILLOT, Program Administrator I;
RISSIE L. OWENS, Chairman of the Board;
UNKNOWN BOARD MEMBER,
Texas Department of Criminal Justice,
Institutional Division;
UNKNOWN BOARD MEMBER,
Texas Department of Criminal Justice,
Institutional Division;
GERALD GARRETT, Parole Commissioner,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CV-2125

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Lonnie Gunn, Jr., Texas prisoner # 644474, appeals the dismissal of his 42 U.S.C. § 1983 complaint. His claims against three defendants were dismissed as untimely; alternatively, his claims were dismissed as frivolous pursuant to 28 U.S.C. § 1915A. We review the dismissal for abuse of discretion. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Gunn renews his argument that his constitutional rights were violated when his notation of disagreement with the terms of mandatory supervision was scratched through and prison officials noted that he had refused to sign the mandatory supervision certificate. His arguments are bottomed on the contention that he was contractually bound to the provisions of mandatory supervised release by the improper and fraudulent actions of the defendants.

The district court held that Gunn's claims lack merit because the mandatory supervision certificate was not a contract, a holding that Gunn acknowledges. Gunn makes no attempt to challenge that holding and instead proceeds to argue as though there was a contract. He has abandoned the issue by failing to brief any challenge to the determination that there was no contract. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, dismissal was appropriate.

The instant appeal is without arguable merit and is therefore dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal by the district court and the dismissal of the appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Gunn has already accumulated one

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other strike. See Gunn v. Manness, 219 Fed. App'x 371 (5th Cir. 2007) (per curiam). He may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). All of Gunn's outstanding motions are denied.

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.