IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-41129
Conference Calendar

RODOLFO LEAL-RODRIGUEZ

Plaintiff-Appellant

v.

JOHN W KEY, III, Attorney at Law

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-288

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodolfo Leal-Rodriguez, federal prisoner # 12071-078, filed an in forma pauperis (IFP) civil rights lawsuit pursuant to 42 U.S.C. § 1983 against an attorney, John W. Key, III for accepting a $5,000 fee and not performing any service. The district court dismissed Leal-Rodriguez's lawsuit under 28 U.S.C. § 1915A(b)(1). The district court noted that amendment of the suit would not have saved it from dismissal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leal-Rodriguez argues that the district court erred in dismissing his complaint without allowing him to amend the complaint. This court reviews a dismissal as frivolous under § 1915A for abuse of discretion. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). A dismissal for failure to state a claim under § 1915A is reviewed under the same de novo standard as dismissals under FED. R. CIV. P. 12(b)(6). Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Because the district court found that Leal-Rodriguez's complaint was both frivolous and failed to state a claim, review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Key, a private attorney, was not a state actor for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Leal-Rodriguez does not argue that Key was a "willful participant in joint activity with the state or its agents." Green v. State Bar of Texas, 27 F.3d 1083, 1088 (5th Cir. 1994) (quotation marks omitted). The district court was correct in finding that Leal-Rodriguez failed to state a claim for relief. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); see also In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), cert. denied, 128 S. Ct. 1230, 1231 (2008). A district court should not dismiss a pro se complaint without providing the plaintiff an opportunity to amend, unless it is obvious that the plaintiff has pleaded his "best" case, and a cause of action has not been established. See Jacquez v. Procunier, 801 F.2d 789, 792-93 (5th Cir. 1986). On appeal, Leal-Rodriguez has presented nothing to show that he could have prevented the dismissal of his claim against Key if allowed to amend his complaint.

The appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The district courts dismissal of Leal-Rodriguez's complaint and this court's dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d

383, 387-88 (5th Cir. 1996).  Leal-Rodriguez is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.