# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-20120
Conference Calendar

ARTIS CHARLES HARRELL

Plaintiff-Appellant

v.

CHARLES A ROSENTHAL JR, District Attorney; HEYWARD CARTER, Assistant District Attorney

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-491

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Artis Charles Harrell, Texas prisoner # 1334295, filed an in forma pauperis (IFP) civil rights lawsuit pursuant to 42 U.S.C. § 1983. Harrell sued Charles A. Rosenthal, Jr., District Attorney for Harris County, Texas, and Heyward Carter, Assistant District Attorney, for failing to prosecute a criminal complaint for burglary and criminal trespass. The district court dismissed the suit as frivolous and for failure to state a claim under 28 U.S.C. § 1915A.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harrell argues that the district court erred in dismissing his complaint. This court reviews a dismissal as frivolous under § 1915A for abuse of discretion. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). A dismissal for failure to state a claim under § 1915A is reviewed under the same de novo standard as dismissals under FED. R. CIV. P. 12(b)(6). Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Because the district court found that Harrell's complaint was both frivolous and failed to state a claim, review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

A prosecutor is absolutely immune from suit for any acts taken within the scope of his prosecutorial role. Brooks v. George County, Miss., 84 F.3d 157, 168 (5th Cir. 1996) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotation marks and citation omitted), abrogated on other grounds, Castellano v. Frazogo, 352 F.3d 939 (5th Cir. 2003). Rosenthal and Carter acted in their roles as prosecutors in refusing to proceed based on Harrell's criminal complaint. The district court did not err in dismissing Harrell's suit.

The appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The district court's dismissal of Harrell's complaint and this court's dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Harrell has one previous strike. Harrell v. Evans, No. H-06-0240 (S.D. Tex. May 25, 2006). Because Harrell has now accumulated three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.