# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-10952

RUBEN PEREZ,

Plaintiff–Appellant,

v.

SHERIFF DEE ANDERSON; CAPTAIN C ECKERT; CAPTAIN NFN MEYER,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-623

Before GARWOOD, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ruben Perez, Texas prisoner # 490335, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e) and 1915A. We affirm in part and vacate and remand in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**I**

Perez was held as a pretrial detainee at the Tarrant County Jail. According to Perez, he testified in a murder trial against a member of the Aryan Brotherhood of Texas (ABT). Perez was then placed in the general jail population and, subsequently, was brutally attacked by a member of the ABT. Perez was then placed in administrative segregation for his safety.

Perez filed suit in the Northern District of Texas claiming that the defendants failed to protect him adequately from other prisoners, that prison officials failed to provide him with adequate medical care, and that his segregation denied him privileges available to detainees and prisoners in the general population. The district court first required Perez to amend his complaint, advising him that he must allege facts specifying the personal involvement of each defendant. After Perez submitted an amended complaint, the district court dismissed the case as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Perez timely appealed.

**II**

A district court may dismiss as frivolous the complaint of a prisoner proceeding *in forma pauperis* if it lacks an arguable basis in law or fact.[1] This court reviews the dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion and the dismissal of a complaint under 28 U.S.C. § 1915A de novo.[2]

---

[1] *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).

[2] *Id.*

## III

## A

Perez contends that the district court erred by dismissing his claims that the Tarrant County jail officials were indifferent to his safety because they placed him in detention with known gang members.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."[3] For a claim based on failure to prevent harm, the prisoner must show that "he [was] incarcerated under conditions posing a substantial risk of serious harm" and that prison officials acted with deliberate indifference toward his health or safety.[4] Deliberate indifference requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[5] However, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."[6] For example, when a plaintiff presents "evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" and evidence suggesting that the defendant–official was exposed to this information, the evidence "could be sufficient to permit a trier of fact to find that the defendant–official had actual knowledge of the risk."[7]

---

[3] *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted).

[4] *Id.* at 834.

[5] *Id.* at 837.

[6] *Id.* at 842.

[7] *Id.* at 842-43 (internal quotation marks and citation omitted).

Perez has failed to show that the officials knew of an excessive risk to Perez's health and safety. Perez does not claim that the prison officials knew that he had testified against an ABT member. Nor does Perez claim that any of the ABT members in the general jail population had committed violent crimes or shown a propensity for violence so as to put the jail officials on notice that these individual ABT members posed a substantial risk to all other inmates. Instead, Perez makes a broad claim that the defendants "failed to appropriately classify and house all persons in jail." According to Perez, allowing "any such group of inmates known to be violent; as in gang members known to the public and other institutions as serious threats to the health and safety of others," to remain in the general jail population "constitutes deliberate indifference to [Perez's] civil rights."

Even though the prison officials may have known that at least one of Perez's attackers was an ABT member, Perez does not claim that a "substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, [or that] the circumstances suggest that the [jail officials] being sued had been exposed to information concerning the risk."[8] In fact, Perez relies on an alleged statement by A. Almendarez, the "jails' [sic] gang intelligence officer," that the prison officials "didn't see the ABT as a gang problem for the jail." Because Perez has failed to allege that the jail officials knew that there was a substantial risk that Perez would be attacked by ABT members, Perez has failed to state a claim as to whether the defendants were deliberately indifferent to his safety.[9]

---

[8] *Id.* at 842 (internal quotation marks and citation omitted).

[9] *See Hernandez v. Tex. Dep't. of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) ("Here, for the [plaintiffs] to overcome the deliberate indifference standard they must demonstrate that the [defendants] knew of the underlying facts indicating a sufficiently substantial danger and that the [defendants] did not believe that the risks to which the facts gave rise [were] insubstantial or nonexistent.").

**B**

Perez next argues that members of the jail's medical staff unreasonably failed to address his medical needs after being attacked by other prisoners. To state a claim for impairment of health, Perez must show a "serious medical need and the prison officials' deliberate indifference to it."[10]

Perez alleges that he never received "adequate treatment" for the injuries he sustained during the attack. Although he does not specify his injuries, other than to say they are "serious," he alleges that they were incurred when he was "severely beaten and repeatedly slammed into the concrete floor" and that he suffered "excruciating pain" as a result. Perez alleges that he and his attorney made his pain known to jail officials, but that despite the fact that he "continuously begged for treatment," he did not receive pain relief or x-rays until several months after the attack. He contends that the extent of his injuries was discovered only after he was transferred to the custody of another prison where he was x-rayed and "found to be injured and suffering."

Perez's allegations suggest that jail officials knew about his persistent pain yet delayed treatment by a physician for a substantial period. He alleged in his amended complaint that Dr. Byrd and Nurse Edwards "continually denied and neglected Perez's serious medical needs until finally they could not deny the plaintiff Perez did indeed require medical treatment and real pain relief." Perez has stated a deliberate-indifference claim as to the alleged failure of the defendants to address Perez's medical needs. Therefore, the dismissal of this claim is vacated, and the claim is remanded for further development.

**C**

Perez's final contention is that he was placed in solitary confinement without due process. "This court has repeatedly affirmed that '[p]rison officials

---

[10] *Hernandez v. Valasquez*, 522 F.3d 556, 561 (5th Cir. 2008).

should be accorded the widest possible deference' in classifying prisoners' custodial status as necessary 'to maintain security and preserve internal order.'"[11]  "And in the specific context of administrative lockdown, we have clearly held that absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim."[12]

Perez's own allegations indicate that he was placed in administrative segregation "[b]ecause he was in fear for his life and further attacks . . . ." Perez's physical safety was a legitimate governmental objective, and his placement in solitary confinement, without more, did not violate Perez's due process rights.[13]  Accordingly, the district court did not err by dismissing Perez's solitary-confinement claim for failure to state a claim.

\* \* \*

AFFIRMED in part, VACATED and REMANDED in part.

---

[11] *Id.* at 562 (quoting *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990) and *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003)).

[12] *Id.* (internal quotation marks and citations omitted).

[13] *See Bell v. Wolfish*, 441 U.S. 520, 539 (1979) ("[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment.").