# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2012

No. 11-40361

Lyle W. Cayce
Clerk

DONALD LOOSIER,

Plaintiff-Appellant

v.

UNKNOWN MEDICAL DOCTOR;
UNKNOWN NURSE; UNKNOWN X-RAY TECHNICIAN;
VERNA HARRINGTON, RN; KIM FOSTER GILBREATH, RN;
HEIDI KNOWLES,

Defendants-Appellees

Appeal from the United States Distirct Court
for the Eastern District of Texas
USDC No. 6:09-CV-147

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Donald Loosier is an inmate with the Texas Department of Criminal Justice. This is the second appeal arising from his claims under 42 U.S.C. § 1983 against staff at the Palestine Regional Medical Center (PRMC) emergency room, where Loosier was treated after a fall in his cell. A previous panel of this court reversed the district court's judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing the case for failure to state a claim, and remanded the case for discovery regarding whether the PRMC ER staff acted under color of state law. The instant appeal arises from the district court's summary judgment against Loosier on that issue. We AFFIRM.

Loosier arrived at the PRMC ER exhibiting signs of a spinal injury. During the roughly twelve hours he spent there, Loosier alleges that PRMC medical staff denied him pain medication, ignored calls for help when Loosier began choking, and then discharged him without treating his injury. Loosier returned to his cell, where he spent six days immobilized and in extreme pain. Prison officials then took him to another hospital where the injury, a fracture in Loosier's neck vertebrae, was treated. Loosier brought the instant § 1983 suit against the then-unidentified staff who treated him at the PRMC ER, alleging deliberate indifference to his serious medical needs. The district court dismissed the suit because Loosier did not allege that the PRMC staff had acted under color of state law. We reversed the judgment of dismissal and remanded the case for limited discovery on the state-actor issue. *Loosier v. Unknown Med. Doctor*, 435 F. App'x 302, 307-08 (5th Cir. 2010).

On remand, the PRMC doctor and the nurses who treated Loosier appeared as defendants. The district court instructed them to supply Loosier with any documents or information they had relevant to the case. The doctor responded that she is a subcontractor with PRMC, and she has no direct contract with the State. The two nurses are PRMC employees; they do not have direct contracts with the State. All three defendants stated that they do not possess any billing or medical records relating to Loosier's treatment, nor any other documents or information relating to PRMC's relationship with the State. On defendants' motion, the district court granted summary judgment on the state-actor issue. Loosier timely appealed.

No. 11-40361

Loosier contends, as he did below, that he was not given adequate discovery on the state-actor issue before summary judgment. We review a trial court's disposition of a request to delay summary judgment for additional discovery for abuse of discretion. *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). We find no abuse of discretion here. Loosier was given complete access to all information and materials in the defendants' possession, and he never asked the district court to permit discovery from any third party.

We review a summary judgment de novo. *Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir. 2011). The record contains insufficient evidence from which a reasonable jury could conclude that the State had a relationship with the defendants or PRMC such that defendants acted under color of state law when treating him. Summary judgment on that issue was therefore proper. *See* FED. R. CIV. P. 56(a).

The district court's judgment is AFFIRMED. Loosier's motion to supplement the record is DENIED as moot.